UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Donald Brooks, individually and on behalf of
others similarly situated,

               Plaintiff,

vs.

Power Home Remodeling Group LLC and
Power Home Remodeling Group, Inc.,

               Defendants.

Civil Case No.:

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

1.      This collective action is brought by Donald Brooks ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Brown, LLC, against Power Home Remodeling Group LLC and Power Home Remodeling Group, Inc. ("Defendants") to recover overtime compensation and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      Defendants employ "Marketing Representatives" (also known as "Entry Level Sales Representatives") who are responsible for promoting services to potential customers by giving them free estimates for services and scheduling appointments to meet with sales representatives for those who are interested. Aside from giving out information and scheduling appointments, Marketing Representatives and Entry Level Sales Representatives do not acquire any offers or commitment to purchase from the potential customer.

3.      Plaintiff and Putative Plaintiffs routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for hours worked over forty (40) because Defendants misclassified them as exempt employees.

4.     Plaintiff brings this action on behalf of himself and all similarly-situated individuals for violations of the FLSA.  The FLSA overtime claim is asserted as an opt-in collective action under the FLSA.  *See* 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claim stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*

6.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendants reside in this district.

## PARTIES

### Plaintiff

7.     Plaintiff Donald Brooks is an adult resident of Houston, Texas.

8.     Plaintiff was employed by Defendants as a Marketing Representative from approximately Sept 1, 2018 to December 28, 2018.

9.     Plaintiff was assigned to the Houston, Texas location of Defendants' business.

10.     Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals were, or are, employed by Defendants as Marketing Representatives and/or Entry Level Sales Representatives within three years of the date this Complaint was filed.  *See* 29 U.S.C. § 255(a).

11.     At all relevevant times, Defendants are, and have been, "employers" of Plaintiff and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

### Defendants

12.     Defendant Power Home Remodeling LLC is a limited liability company

incorporated in Delaware.

13.     Defendant Power Home Remodeling, Inc. is an American corporation with its headquarters located at 2501 Seaport Drive Ste B110 Chester, PA.

14.     Defendants operate in interstate commerce by, among other things, providing services predominantly related to energy and alleged cost-saving exterior remodeling products, such as replacement windows, roofing and vinyl siding.

15.     Upon information and belief, Defendants' gross annual sales made or business done has been in excess of $500,000 at all relevant times.

## FACTUAL ALLEGATIONS

16.     Marketing Representatives and Entry Level Sales Representatives were responsible for promoting services to potential customers by giving them free estimates for services and scheduling appointments to meet with sales representatives for those who are interested.

17.     Aside from giving out information and scheduling appointments, Marketing Representatives and Entry Level Sales Representatives do not acquire any offer or commitment to make an offer from the potential customer.

18.     Defendants suffered and permitted Plaintiff and the similarly situated Marketing Representatives and Entry Level Sales Representatives to work more than forty (40) hours per week without overtime pay.

19.     Defendants were aware, or should have been aware, that Plaintiff and the similarly situated Marketing Representatives and Entry Level Sales Representatives were performing non-exempt work that required payment of overtime compensation.

20.     Defendants misclassified Marketing Representatives and Entry Level Sales Representatives as exempt from overtime pay and failed to pay them an overtime premium for his hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

22.     Plaintiff files this action on behalf of himself and all similarly situated individuals.  The proposed FLSA Collective is defined as follows:

> All persons who worked as Marketing Representatives and/or Entry Level Sales Representatives for Power Home Remodeling LLC or Power Home Remodeling, Inc. at any time from three years prior to the filing of this Complaint through the date of judgment.

23.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

24.     During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

25.     Upon information and belief, Defendants did not maintain accurate records of the hours worked by Plaintiff and the FLSA Collective as required by 29 C.F.R. § 516.2.

26.     Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, failing to pay their Marketing Representatives and Entry Level Sales Representatives overtime compensation. *See* 29 U.S.C. § 255.

27.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.  Accordingly, notice should be sent to the FLSA Collective.  There are numerous members of the FLSA Collective who have suffered from the Defendants' practice of denying overtime pay to Marketing Representatives and Entry Level Sales Representatives who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendants, and are readily identifiable through their records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiff and the FLSA Collective)**

28.     Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

29.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

30.     Defendants suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

31.     Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective the required overtime compensation.

32.     Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA.

33.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.  Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

34.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

35.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendants knew, or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendants as follows:

A.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.     Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.     Judgment against Defendants for violation of the overtime provisions of the FLSA;

D.     Judgment that Defendants' violations of the FLSA were willful;

E.     An award to Plaintiff and those similarly situated in the amount of unpaid wages owed and liquidated damages;

F.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

G.     An award of reasonable attorneys' fees and costs; and

H.     For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: February 6, 2019

RESPECTFULLY SUBMITTED,

By: _____

Jason T. Brown
Nicholas Conlon (will seek Pro Hac Vice Admission)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiff*